UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE LYWELLEN JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00004-ACL |
| | ) |
| MISSOURI DEPARTMENT OF MENTAL HEALTH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Jamie Lywellen Jones, proceeding pro se, brings this action under 28 U.S.C. § 1983 against the Missouri Department of Mental Health ("the Department") for alleged civil rights violations (ECF No. 1). For the reasons set forth below, the Court will dismiss this action for lack of subject matter jurisdiction.

Plaintiff is a civil detainee at the Metropolitan St. Louis Psychiatric Center in St. Louis, Missouri. According to his complaint, the Cape Girardeau County Jail improperly detained him for 200 days before transferring him to the Department's custody. In the "Injuries" section of his complaint, Plaintiff states that "the recommended treatment never started in Cape County Jail," which he claims constitutes cruel and unusual punishment. For relief, he seeks 30 consent decrees and $300,000.00 in damages.

Plaintiff's complaint is not cognizable under § 1983, which provides for an action against a "person" who violates another's civil rights under color of state law. *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, absent a waiver, the State of Missouri and its agencies are entitled to sovereign immunity.

*Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Consent is a prerequisite to jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). As an agency of the State, the Department is entitled to sovereign immunity. *See Morstad*, 147 F.3d at 744. Section 1983 does not abrogate state sovereign immunity, and Missouri has not waived its immunity for § 1983 claims. *Quern v. Jordan*, 440 U.S. 332, 340–41 (1979). Because sovereign immunity is jurisdictional in nature, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), the Court will dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 4) and motion for leave to proceed in forma pauperis (ECF No. 5) are **DENIED** as moot in light of the dismissal.

The Court will issue a separate Order of Dismissal.

Dated this 28th day of April, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE